SLIP OPINION

Cite as 2014 Ark. App. 675

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-305

|  |  |
|---|---|
| WINNIE EBELE ARMIAH OBIGBO<br>APPELLANT | **Opinion Delivered** December 3, 2014 |
|  | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>SECOND DIVISION<br>[NO. 60CV-12-5231] |
| V. |  |
|  | HONORABLE CHRISTOPHER<br>CHARLES PIAZZA, JUDGE |
| ARKANSAS STATE BOARD OF<br>NURSING<br>APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Appellant Winnie Ebele Armiah Obigbo appeals from the Arkansas State Board of Nursing's Board revocation of her nursing license based on its determination that she violated Arkansas Code Annotated sections 17-87-309(a)(1) and (a)(6) (Repl. 2010). On appeal to this court, Obigbo argues that the Board's decision is not supported by substantial evidence. We affirm.

Dan West, an investigator for Arkansas Healthcare Investigations, was enlisted by the Board to investigate an anonymous complaint that Obigbo had never attended a nursing school in Cameroon, Africa, had never lived in Cameroon, and had obtained a fraudulent transcript. West testified that the International Education Research Foundation (IERF) mailed a license-verification form to the Association of Nurses, Midwives, and Health Technicians at an address provided by Obigbo. The form was returned and listed a different

SLIP OPINION

license number from that provided by Obigbo and contained a seal from a different agency. West testified that he was unable to verify Obigbo's license or confirm that the nursing school even existed. The only correspondence purporting to be from the school came from a post-office box and a Yahoo email address.

West went to Chicot Road in Little Rock, which was the address that Obigbo had provided to the Board in applying for her license, and learned that Obigbo was not on the lease. He also discovered that she had never assessed personal property in Pulaski County.

West determined that, although Obigbo claimed to have worked as a pharmacy technician in Texas in 2001 and 2002, the Texas State Board of Pharmacy had no record of her. Prolink Home Health Corporation, where Obigbo worked as a certified nursing aide, provided Obigbo's employment application. Under the education-history section, Obigbo listed Nnamdi Azikiwe University and a pharmacy-technician program but did not list the nursing school in Cameroon. Also, in a section requesting a list of professional licenses, Obigbo did not list her Cameroon nursing license. West also obtained information from North Central Texas College. On her application to NCTC's LVN program, Obigbo did not list the nursing program in Cameroon on the academic-information section.

West testified that Obigbo's immigration file indicated that she lived in Nigeria from 1970 to 1999 and that she worked at two banks in Onitsha, Nigeria, from 1993 through 1999. West testified that Obigbo claimed to have attended nursing school in Bamenda, Cameroon, from 1994 through 1997, and West determined that the driving distance between Bamenda and Onitsha was over 600 miles.

SLIP OPINION

Obigbo testified that she graduated from high school in Nigeria and then went to Nnamdi Azikiwe University. She stated that she went to nursing school in Cameroon from 1994 through 1997 and stayed in a dormitory but that it was not her permanent address. Obigbo testified that she worked at a bank while on school breaks. In 2000, she married and moved to the United States. Obigbo explained that the discrepancy in the license numbers resulted because one number was the diploma number and the other was the license number.

Obigbo testified that she went to pharmacy-technician school in Dallas in order to improve her English and obtained her pharmacy license in 2001. She explained that the pharmacy board did not start registering technicians until 2004.

Obigbo stated that she was in Arkansas visiting her sister when she was told by the Texas Board of Nursing that it had stopped accepting LPNs in 2009, and she was advised to work in a nearby state. Obigbo called the Arkansas Board of Nursing, which agreed to issue her a temporary license. Obigbo stated that she learned that there was a problem with her Arkansas license in 2010 and that a complaint had been filed against her. Obigbo testified that the complaint likely came from the owner of Prolink, whom Obigbo had accused of Medicare fraud. Obigbo testified that she did not list her Cameroon nursing license on her application with Prolink because she was not working there as a nurse.

Obigbo claimed that her immigration papers were inaccurate because her husband had filled them out and that the information was not updated after 1994. Obigbo testified that her sister lived at the Chicot Road address, and she identified Arkansas as her primary state of residence because she was in Arkansas at the time she applied for her nursing license and planned to look for an apartment.

3

Vivian Onuora, Obigbo's sister, testified that she, her husband, and their children lived at the Chicot Road address from December 2005 until May 2010. She further testified that Obigbo had never moved to that address and only stayed with them for approximately four days. Onuora testified that Obigbo told her she was planning to live in Arkansas for a while but that she went back to Arlington, Texas, after her visit.

Lily Armiah, Obigbo's mother, testified that Obigbo lived in Nigeria and went to nursing school in Cameroon. Armiah stated that she paid Obigbo's school tuition.

The Board found that there was no evidence that Obigbo attended a nursing program in Cameroon; the nursing school's address that Obigbo provided on her nursing application could not be verified; Obigbo did not reside at the home address she provided on the nursing application; there were certain irregularities with regard to her nursing license from Cameroon; Obigbo claimed that she had worked as a pharmacy technician, yet the Texas Board of Pharmacy reported that she was not licensed as a pharmacy technician; Obigbo did not list her nursing program she attended in Cameroon when she applied for employment with Prolink; and she also did not disclose her Cameroon nursing license on the employment application in response to a request that she list her professional licenses.

After making these findings, the Board concluded that Obigbo had committed fraud or deceit in procuring or attempting to procure a license to practice nursing or was engaged in the practice of nursing without a valid license and that she engaged in unprofessional conduct. Ark. Code Ann. § 17–87–309(a)(1) and (a)(6). Based on Obigbo's violations, the Board revoked her nursing license. Obigbo appealed to the Pulaski County Circuit Court,

4

SLIP OPINION

which found that the Board's decision was supported by substantial evidence and was not arbitrary or capricious. Obigbo filed a timely appeal to this court.

Our review is directed not toward the circuit court but toward the decision of the agency. *Gore Eng'g Assoc., Inc. v. Ark. Contractors Licensing Bd.*, 2013 Ark. App. 353. That is so because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *Id.* Our review of administrative decisions is limited in scope. *Id.* Such decisions will be upheld if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *Id.* To establish an absence of substantial evidence, appellant must demonstrate that fair-minded people could not, on the evidence submitted, reach the conclusion arrived at by the Board. *Id.* In determining whether there is substantial evidence to support the Board's decision, we review the record, giving the evidence its strongest probative force in favor of the agency's findings. *Id.* The question is not whether the evidence would support any other finding but, instead, is whether the evidence supports the finding that was made; it is the prerogative of the Board to believe or disbelieve any witness and to decide what weight to afford the evidence. *Id.*

Obigbo argues that the only evidence the Board had was hearsay from an anonymous person, who made accusations against her while not under oath. Obigbo contends that the investigator followed false leads and lacked the resources to confirm information. She argues that her explanations were "highly plausible and essentially undisputed."

Pursuant to Arkansas Code Annotated section 17-87-309(a), the nursing board has the sole authority to revoke any license to practice nursing upon proof that the person "(1) Is

guilty of fraud or deceit in procuring or attempting to procure a license to practice nursing or is engaged in the practice of nursing without a valid license; . . . [or] (6) is guilty of unprofessional conduct." Ark. Code Ann. § 17-87-309(a)(1) & (6). The Board's regulations define "fraud and deceit," in part, as "false representation of facts on an application for licensure . . . ." Arkansas State Board of Nursing Rules and Regulations, Chapter 7, Section XV(A)(1)(a). "Unprofessional conduct" includes providing inaccurate or misleading information regarding employment history to an employer or the Board and engaging in acts of dishonesty related to the practice of nursing. Chapter 7, Section XV(A)(6)(o) and (q).

The Board did not rely solely on hearsay from an anonymous source; rather, the Board's decision was based on the entirety of West's investigation, including testimony and exhibits presented at the hearing. The Board was not required to believe Obigbo's explanations about the various discrepancies that were discovered subsequent to the complaint. Giving the evidence its strongest probative force in favor of the Board's findings, we hold that the Board's decision is supported by substantial evidence and is not arbitrary or capricious or characterized by an abuse of discretion. Therefore, we affirm the Board's revocation of Obigbo's nursing license.

Affirmed.

WALMSLEY and GRUBER, JJ., agree.

*Baker, Schulze & Murphy*, by: *J.G. "Gerry" Schulze* and *Ruthanne Murphy*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brandon C. Robinson*, Ass't Att'y Gen., for appellee.